**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**MICHAEL JAMES SPILLMAN,**

      **Petitioner,**

**v.**                                **Case No. 1:23cv166-AW/MAF**

**STATE OF FLORIDA,**

      **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

In June 2023, Petitioner Michael James Spillman, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. After direction from this Court, Petitioner filed an amended § 2254 petition on the proper form. ECF No. 8. On November 7, 2023, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 18. In reply, Petitioner has filed a "Motion to Dismiss Respondent's Request." ECF No. 22.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The

pleadings and attachments before the Court show the petition should be dismissed as untimely.  *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Michael James Spillman challenges his conviction and sentence from the Eighth Judicial Circuit, Alachua County, Florida.  ECF No. 7.  In particular, on July 19, 2021, pursuant to a negotiated plea agreement, Spillman entered a no contest plea in Alachua County case number 2009-CF-4765 to one count of first degree arson of a dwelling, a first degree felony (Count 1), and three counts of second degree arson (Counts 2-4), with an agreement to a cap of ten (10) years on his prison sentence.  Ex. A at 6-8, 11-14 (plea hearing transcript); Ex. B at 3-4, 7 (sentencing hearing transcript).[1]  On September 9, 2021, the judge imposed a sentence of concurrent terms of ten (10) years in prison, with credit for 704 days.  Ex. B at 49-51.  Spillman did not timely appeal.  ECF No. 18 at 2.

On or about July 3, 2022, Spillman submitted for mailing a pro se Notice of Appeal in the First District Court of Appeal (First DCA), received by

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 18.

that court on July 13, 2022, and assigned case number 1D22-2183.  Ex. C;
*see* Ex. D.  By order on July 15, 2022, the First DCA directed Spillman to file
copies of the order from which the appeal was being taken as well as any
order entered on a timely motion postponing rendition of the order being
appealed.  *See* Ex. D.  By order on August 12, 2022, the First DCA directed
Spillman to show cause why the appeal should not be dismissed because it
appeared the notice of appeal was not timely filed.  *See id*.  Spillman filed a
response.  *See id*.  On January 18, 2023, the First DCA dismissed the case,
per curiam and without explanation.  Ex. F.  The mandate issued February
6, 2023.  *See id*.

In the meantime, on July 25, 2022, Spillman filed a motion for
postconviction relief in the state trial court.  Ex. G.  By order rendered August
4, 2022, the court summarily denied Spillman's motion.  Ex. H.  Spillman did
not timely appeal this order.  *See* ECF No. 18 at 3; Ex. I.

On November 28, 2022, Spillman filed a petition for belated appeal in
the First DCA, assigned case number 1D22-3847.  Ex. J; *see* Ex. K.  By
order on December 5, 2022, the First DCA directed Spillman to serve a copy
of the petition on the State Attorney for the Eighth Judicial Circuit and file a
certificate of service demonstrating compliance with the order.  Ex. K.  By
order on January 18, 2023, the First DCA dismissed the case because

Spillman did not comply with the December 5 order. *See id*. Spillman filed an amended petition and a motion for reinstatement. *See id*. By order on February 10, 2023, the First DCA directed Spillman to serve a copy of the motion on the State Attorney for the Eighth Judicial Circuit and file a supplemental certificate of service demonstrating compliance. *See id*. Spillman filed another motion for reinstatement. *See id*. By order on February 23, 2023, the First DCA again directed Spillman to serve a copy of the motion on the State Attorney for the Eighth Judicial Circuit and file a supplemental certificate of service demonstrating compliance. *See id*. Spillman filed additional motions for reinstatement. *See* online docket for 1D22-3847 at https://acis.flcourts.gov. By order on August 9, 2023, the First DCA granted Spillman's motions for reinstatement and reinstated the case. *See id*. On August 15, 2023, the First DCA directed Spillman to serve an amended petition curing the identified deficiencies, in compliance with Florida Rule of Appellate Procedure 9.141(c), on or before September 13, 2023. *See id*. It appears Spillman filed the amended petition, docketed by the court on September 26, 2023. See id. As of the date of this Report and Recommendation, the case remains pending in the First DCA. *See id*.

As indicated above, in June 2023, Spillman filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. After direction

from this Court, he filed an amended § 2254 petition on the proper form.  ECF No. 8.  On November 7, 2023, Respondent filed a motion to dismiss the petition as untimely, with exhibits.  ECF No. 18.  In reply, Petitioner has filed a "Motion to Dismiss Respondent's Request."  ECF No. 22.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment that prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence.  *Id*. § 2244(d)(1)(B)-(D).  The period is tolled for the time during which a "properly filed" application for relief is pending in state court.  *Id.* § 2244(d)(2).  The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as indicated above, the state trial court entered Spillman's judgment and sentence on September 9, 2021, and Spillman did not file a direct appeal before the 30-day time period expired for doing so.  *See* Fla. R. Crim. P. 9.140(b)(3) (allowing 30 days to appeal from rendition of written order imposing sentence); *see also* ECF No. 18 at 2, 5.  Because the 30th day fell on Saturday, October 9, 2021, Spillman had until the next day that was not a weekend or "legal holiday."  Fla. R. Gen. Prac. & Jud. Admin. 2.514(a)(1)(C); *see* ECF No. 18 at 5.  Because Columbus Day, which occurred on Monday, October 11, 2021, does not fall within the definition of "legal holiday" in the applicable Florida rule, that is the last day Spillman could have timely filed his notice of appeal.  *See* Fla. R. Gen. Prac. & Jud. Admin. 2.514(6); *see also, e.g.*, Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (explaining that if defendant does not appeal conviction or sentence, judgment of conviction and sentence becomes final when 30-day period for filing direct appeal expires).  Accordingly, Spillman's conviction became final for federal habeas purposes on **October 11, 2021**, upon expiration of the time period to appeal his judgment and sentence.  *See* 28 U.S.C. § 2244(d)(1)(A) (providing one-year AEDPA limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").  He had one year

thereafter, or until Tuesday, October 11, 2022, to file a federal habeas petition, absent tolling activity. *See, e.g.*, Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017) (explaining conviction became final "on December 23, 2002," and "[o]n that same date, Cadet's one-year statute of limitations for filing a federal habeas petition began to run," citing 28 U.S.C. § 2244(d)(1)(A)); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

As set forth above, Spillman attempted to appeal his conviction, belatedly, in July 2022. This attempt was not successful, however, and does not toll the limitations period. Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1141 (11th Cir. 2015) (holding petition for belated appeal does not qualify as application for collateral review because, under Florida law, it "does not reach the merits of the anticipated appeal or the validity of the order to be appealed"); *accord, e.g.*, Danny v. Sec'y, Fla. Dep't of Corr., 811 F.3d 1301, 1304 (11th Cir. 2016).

On July 25, 2022, he filed his Rule 3.850 motion in the state trial court, stopping the AEDPA clock at **287 days**. Ex. G. By order rendered August 4, 2022, the court summarily denied Spillman's motion. Ex. H. Spillman did

not timely appeal this order.  *See* ECF No. 18 at 3; Ex. I.  Thirty (30) days

after August 4, 2022, ended on Saturday, September 3, 2022, so Spillman

had until Tuesday, September 6, 2022, to timely file his notice of appeal,

because Monday, September 5, 2022, was Labor Day, a "legal holiday."

*See, e.g.,* Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir.

2006) (holding state post-conviction proceeding remained "pending" for

purposes of § 2244(d)(2) until time to seek appellate review expired); Fla. R.

Crim. P. 3.850(k) (providing 30 days to appeal final order denying post-

conviction relief).  Accordingly, the AEDPA clock resumed running on

Wednesday, September 7, 2022, and ran untolled for 78 days until it expired

on Wednesday, November 23, 2022.  Therefore, Spillman's § 2254 petition,

submitted for mailing in June 2023, is untimely.

Notably, by the time Spillman submitted his second petition for belated

appeal for mailing on November 28, 2022, Ex. J, he had no time remaining

in his AEDPA limitations period.  Although that petition for belated appeal

remains pending in the First DCA, the Eleventh Circuit has held that a petition

for belated appeal filed after the expiration of the AEDPA limitations period

"was not pending during the limitations period" and "does not relate back so

as to toll idle periods preceding the filing of the federal petition":  "While a

'properly filed' application for post-conviction relief tolls the statute of

limitations, it does not reset or restart the statute of limitations once the limitations period has expired." Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003). "[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it." Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004). Indeed, even if the First DCA grants the belated appeal, this does not revive Spillman's expired AEDPA limitations period in this habeas case. *See, e.g.*, Bradley v. Sec'y, Dep't of Corr., No. 19-12577-F, 2019 WL 5079542, at *1 (11th Cir. Sept. 24, 2019) (denying certificate of appealability and explaining, in pertinent part: "Bradley had until October 6, 2014, to file a timely § 2254 petition or another tolling motion. However, he did not file another state post-conviction pleading until February 16, 2015, when he filed his second petition for a belated appeal, which the state court granted on April 17, 2015. Nevertheless, that belated appeal could not toll his limitation period because the limitation period already had expired in October 2014." (citing Sibley, 377 F.3d at 1204)); Bernadeu v. McNeil, 432 F. App'x 823 (11th Cir. 2011) ("In this case, the district court correctly dismissed Bernadeu's petition as time-barred because the statute of limitations expired on January 3, 2008, and Bernadeu did not file his petition until February 1, 2009. Despite Bernadeu's arguments to the contrary, it is irrelevant that the Florida state court deemed

his March 25, 2008 belated appeal timely because, under <u>Moore</u>, a petition for belated appeal 'does not reset or restart the statute of limitations' after it has expired."). *Cf*. <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 121 (2009) ("Our decision today is a narrow one. We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A). In such a case, 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.").

In his reply, Spillman takes issue with information Respondent has provided as well as facts underlying the charges and entry of his plea in the state trial court. ECF No. 22. To the extent he thus argues his incarceration constitutes a "fundamental miscarriage of justice" because he is "actually innocent," such that he should benefit from the equitable exception to the AEDPA statute of limitations set forth in <u>McQuiggin v. Perkins</u>, 569 U.S. 383 (2013), this argument should be rejected.

In <u>McQuiggin</u>, the U.S. Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" even

when the AEDPA time has expired.  569 U.S. at 386.  The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *Id*. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); *see* Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (explaining U.S. Supreme Court "has not recognized any equitable exceptions to the statutory bars on habeas petitions when the petitioner does not make a 'credible showing' of actual innocence" and the Court's "most recent decision on the matter, McQuiggin, reaffirmed that principle, holding that there is an 'equitable exception' to the statute of limitations applicable to habeas claims, 28 U.S.C. § 2244(d), but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner'").  "To be credible, such a claim requires a petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  Schlup, 513 U.S. at 324; *see* McQuiggin, 569 U.S. at 401 ("We stress once again that the Schlup standard is demanding.  The gateway should open only when a petition presents

'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (quoting Schlup, 513 U.S. at 316)).

In this case, Petitioner Spillman has not supported any claim that he is "actually innocent" with new, reliable evidence, as required.   *See, e.g.*, Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining actual innocence exception "is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence" and "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial" (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998))).   Accordingly, he has not opened the "gateway" described in McQuiggin and other cases such that his habeas claims may be considered on the merits.

Spillman also asserts his petition "should not be stricken . . . due to the understanding that the Petitioner was not properly informed about there even being a 365 day time limit." *Id*. ECF No. 22 at 4.  To the extent this constitutes an argument for equitable tolling, it should be rejected.  "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'"  Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th

Cir. 2009)).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  The petitioner bears the burden of establishing equitable tolling and "the allegations supporting equitable tolling must be specific and not conclusory."  Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012).

Petitioner Spillman has not met his burden of showing either that he diligently pursued his rights under the AEDPA or that some extraordinary circumstance kept him from timely filing his § 2254 petition.  *See* Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1313 (11th Cir. 2001) (explaining that petitioner must "establish his own due diligence in ascertaining the applicable limitations period").  His allegation that he did not know about the one-year AEDPA limitations period does not constitute an extraordinary circumstance.  *See* Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (affirming dismissal of § 2254 petition as untimely and explaining, among other things, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"); Helton, 259 F.3d at 1313-14 (rejecting petitioner's equitable tolling argument that he "was prevented from

obtaining accurate information due to deficiencies in the prison library where he was being held"). *See also, e.g.,* <u>Chavez v. Sec'y, Fla. Dept. of Corr.</u>, 647 F.3d 1057, 1061 (11th Cir. 2011) (allegations supporting equitable tolling must be factual and specific, not conclusory).

Based on the foregoing, Petitioner Spillman has not shown entitlement to the equitable exception to the AEDPA statute of limitations set forth in <u>McQuiggin v. Perkins</u>, 569 U.S. 383 (2013), or equitable tolling. His § 2254 petition should be dismissed as untimely.

## Conclusion

The § 2254 petition is untimely and Petitioner Spillman has not demonstrated entitlement to any exception to the one-year AEDPA limitations period. Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 18, be **GRANTED**, Petitioner's motion to dismiss, ECF No. 22, be **DENIED**, and the amended § 2254 petition, ECF No. 8, be **DISMISSED as untimely**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue

or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  See Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## **Recommendation**

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 18) be **GRANTED** , Petitioner's motion to dismiss (ECF No. 22) be **DENIED**, and the amended § 2254 petition (ECF No. 8) be

**DISMISSED as untimely.** It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 23, 2024.

> S/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**